UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT,                                                                    Case No.

                                Plaintiff,

                      -against-

MERCHANTS NATIONAL INSURANCE COMPANY,

                                Defendant.
------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ("Travelers"), by its attorneys, Usery & Associates, as and for its Complaint for Declaratory Judgment against ("Merchants"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. In this action, Travelers seeks a declaration that Merchants is obligated to defend and indemnify Pinnacle Commercial Development Corp. ("Pinnacle"), 572 RT LLC, and 600 RT LLC (collectively as "Underlying Defendants") in connection with an underlying action claiming injuries allegedly sustained by Maciej Bienia (the "Claimant").

2. The Claimant's incident allegedly occurred on or about June 25, 2020 at 572 Richmond Terrace, Staten Island, NY. (the "Project").

**PARTIES**

3.   At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

4.   Upon information and belief, at all times relevant hereto, Merchants was and is a New Hampshire corporation duly licensed and authorized to conduct business in the State of New York with a principal place of business in Hillsborough, New Hampshire.

**JURISDICTION AND VENUE**

5.   This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

6.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred here.

7.   An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Merchants.

8.   Plaintiff Travelers has no adequate remedy at law.

**THE INSURANCE POLICIES**

9.   Travelers issued an insurance policy to Pinnacle providing commercial general liability coverage for the policy period July 1, 2019 through July 1, 2020 under policy no. DT-CO-0L640002-TCT-19 (the "Travelers Policy").

10.   Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

11. Upon information and belief, Defendant Merchants issued an insurance policy to Matia Electrical Corp. ("Matia") providing commercial general liability coverage for the policy period December 12, 2019 to December 12, 2020 under policy no. CEP2000376 (the "Merchants Policy").

12. Upon information and belief, subject to certain terms, conditions, and exclusions, the Merchants Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

13. Upon information and belief, subject to certain terms, conditions, and exclusions, the Merchants Policy and its relevant endorsements provides additional insured coverage to the Underlying Defendants for bodily injury that takes place during the policy period and is caused by an accident.

14. Upon information and belief, subject to certain terms, conditions, and exclusions, the Merchants Policy provides additional insured coverage to the Underlying Defendants where Matia agrees by contract to procure such coverage.

15. Upon information and belief, subject to certain terms, conditions, and exclusions, the Merchants Policy provides primary and non-contributory insurance to the Underlying Defendants where Matia agrees by contract to procure such coverage.

## BACKGROUND FACTS

16. By a complaint filed on or about July 1, 2021, the Claimant commenced an action captioned *Maciej Bienia v. Pinnacle Commercial Development Inc, et al.* in the Supreme Court of the State of New York, County of Bronx, Index No. 809052/2021E (the "Underlying Action").

17. An Amended Verified Complaint was filed in the Underlying Action on or about March 14, 2022 to name 600 RT LLC as a defendant.

18. A true and correct copy of the Amended Complaint in the Underlying Action ("the Underlying Complaint") is attached as **Exhibit "A."** The allegations made in the Underlying Complaint are incorporated by reference into this Complaint; however, Travelers does not admit to the truth of those allegations.

19. In the Underlying Complaint, Mr. Bienia alleged that on or about June 25, 2020 while working at the Project, he "was working upon said premises" and "was caused to be injured by reason of the negligence of the Defendants, their agents, servants and/or employees" at the Project. Exhibit A, at ¶ 57.

20. 572 RT LLC is an owner of the location where the Project took place.

21. 600 RT LLC is an owner of the location where the Project took place.

22. Pinnacle was the construction manager at the Project.

23. Matia was a subcontractor at the Project.

24. Matia was the Claimant's employer at the time of the accident alleged in the Underlying Complaint.

25. The Claimant was performing work within the scope of his employment of Matia with Matia co-workers at the time of the accident alleged in the Underlying Complaint.

26. Pinnacle and Matia entered into subcontractor agreements for Matia to provide alarm and electrical services at the Project (the "Agreements").

27. Pursuant to the Agreements, Matia agreed to procure commercial general liability coverage, including completed operations coverage for, among others, Pinnacle, 572 RT LLC, and 600 RT LLC on a primary and non-contributory basis. True and correct copies of the Agreements are annexed as **Exhibit "B."**

28. Attachment A-Insurance Agreement-State of New York of the Agreements state in relevant part:

> 1) c) Contractor [Pinnacle], Owner [572 RT LLC and 600 RT LLC] and all parties who Contractor is required to name as additional insureds by any contract, shall be included as insureds on the CGL, using ISO Additional Insured Endorsement CG 20 19 11 85, CG 2037 0704, CG2038 04 13 or an endorsement providing equivalent or broader coverage to the additional insureds. The coverage provided to the additional insureds under the policy issued to the Subcontractor shall be at least as broad as the coverage provided to the Subcontractor under the policy. Coverage for the additional insureds shall apply as Primary and non-contributing Insurance before any other insurance or self-insurance, including any deductible, maintained by, or provided to, the additional insureds.

## TENDER TO MERCHANTS

29. By letters dated July 30, 2021, August 23, 2021, and November 16, 2021, and April 27, 2022 Travelers tendered to Merchants on behalf of Pinnacle and the owner entities seeking additional insured status under the Merchants Policy.

30. Travelers followed the tender letters with multiple e-mails seeking a response from Merchants.

31. By a letter dated August 23, 2022, Merchants denied Travelers' tender.

32. Merchants has failed to meet its obligation to defend and indemnify Pinnacle, 572 RT LLC and 600 RT LLC as additional insureds in the Underlying Action.

## TRAVELERS' CAUSE OF ACTION FOR DECLARATORY RELIEF AS AGAINST MERCHANTS

33. Travelers repeats and realleges the allegations contained in paragraphs 1-32 above as if set forth here in their entirety.

34. Pinnacle, 572 RT LLC, and 600 RT LLC qualify as additional insureds under the Merchants Policy.

35. Pinnacle, 572 RT LLC, and 600 RT LLC are entitled to a defense under the Merchants Policy issued to Matia, as well as to indemnification thereunder for any verdict or judgment rendered against them in the Underlying Action.

36. Coverage provided to Pinnacle, 572 RT LLC, and 600 RT LLC by the Merchants Policy with respect to the Underlying Action is primary to that provided by the Travelers Policy.

37. Merchants has refused to provide coverage to Pinnacle, 572 RT LLC, and 600 RT LLC with respect to the Underlying Action.

38. Accordingly, Travelers seeks a declaration that Merchants has an obligation to defend and indemnify Pinnacle, 572 RT LLC, and 600 RT LLC as additional insureds; that the coverage provided by the Merchants Policy to Pinnacle, 572 RT LLC, and 600 RT LLC is primary; and that the obligations of Travelers to Pinnacle, 572 RT LLC, and 600 RT LLC in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Merchants Policy.

39. In addition, Travelers seeks an award at law and in equity against Merchants for recovery of all sums Travelers has incurred in defense of Pinnacle, 572 RT LLC, and 600 RT LLC in the Underlying Action because the coverages provided by the Merchants Policy are primary to any coverage provided by Travelers.

## **PRAYER FOR DECLARATORY RELIEF**

Wherefore, Plaintiff Travelers prays that judgment be entered as follows:

1. Declaring that the Merchants Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Merchants Policy have been complied with and met.

3. Declaring that the alleged accident and Underlying Action fall within the coverage afforded by the Merchants Policy.

4. Declaring that Defendant Merchants owes a duty to defend Pinnacle, 572 RT LLC, and 600 RT LLC in connection with the Underlying Action.

5. Declaring that Defendant Merchants owes a duty to indemnify Pinnacle, 572 RT LLC, and 600 RT LLC in connection with the Underlying Action.

6. Declaring that Defendant Merchants' coverage obligations to Pinnacle, 572 RT LLC, and 600 RT LLC in connection with the Underlying Action are primary.

7. Declaring that the coverage obligations of Plaintiff Travelers under the Travelers Policy are excess and non-contributory to those of Defendant Merchants with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Merchants Policy with respect to Merchants' duty to defend and to indemnify Pinnacle, 572 RT LLC, and 600 RT LLC in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant Merchants for all sums Travelers has paid in defending the Underlying Action.

10. Granting an award in favor of Plaintiff Travelers for the costs of suit incurred herein.

11. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 10, 2022

                                    USERY & ASSOCIATES

By:  */s/ Tung Sing Wong*
      Tung Sing Wong

      Direct: 917.778.6429
      Fax: 844.571.3789
      Email: twong2@travelers.com

      <u>Please address all correspondence sent by mail to:</u>
      P.O. Box 2996
      Hartford, CT 06104-2996

      <u>Physical Address</u>:
      485 Lexington Avenue, 6th Floor
      New York NY 10017